SHELTON *v.* STATE.

(*Knoxville,* September Term, 1949.)

(May Session, 1950.)

Opinion filed June 9, 1950.

KILGO & ARMSTRONG, of Greeneville, for plaintiff in error.

J. Malcolm Shull, Assistant Attorney General, for the State.

Mr. Justice Gailor delivered the opinion of the Court.

Defendant appeals from conviction of unlawful possession of intoxicating liquor, a fine of $250 and jail sentence of 90 days for the offense. The only assignment of error made to support the appeal is that the evidence was insufficient to support the conviction.

The pertinent facts are these: Armed with a search warrant, officers of Greene County went to the house where defendant lives with his wife. There is no evidence of the legal ownership of the house, whether it was rented or owned by the defendant and his wife, or either of them. The only evidence is that of the State through three law officers who testified that as they approached the house to serve the warrant, they heard the sound of glass being broken and thereafter, when the wife had opened the door they found in the bathroom broken glass of whiskey bottles, and while the officers were on the

premises, Mrs. Shelton, wife of the defendant, ran to the front door and threw out two bottles, one of which broke and the other of which was recovered and found to contain whiskey. At the time of this search the defendant was not at home, and there is no evidence whatever, to connect him with possession or ownership of the whiskey.

The case is ruled in all particulars by *Jim Black* v. *State*, Greene Criminal, unpublished opinion of December 11, 1948.

 The presumption that the defendant, as husband and head of the family, is the possessor and owner of any whiskey found on the premises of the marital dwelling, *Crocker* v. *State*, 148 Tenn. 106, 251 S. W. 914, is a presumption of law merely, and is effective as proof only so long as there is an entire lack of evidence. In the present case, the testimony of the officers that the wife was in possession and exercised dominion over the whiskey by attempting to destroy it, rebuts in its entirety, the presumption of law. *Kelley* v. *State*, 184 Tenn. 143, 147, 197 S. W. (2d) 545. In the face of the positive evidence of the officers, the presumption of law has no probative force to support the conviction. *Frank* v. *Wright*, 140 Tenn. 535, 548, 205 S. W. 434; *Kelley* v. *State, supra; Illinois Central R. R. Co.* v. *H. Rouw & Co.*, 25 Tenn. App. 475, 480, 159 S. W. 2d 839; *North Memphis Sav. Bank* v. *Union Bridge & Const. Co.*, 138 Tenn. 161, 196 S. W. 492; *Whipple* v. *McKew,* 166 Tenn. 31, 60 S. W. (2d) 1006; *Jim Black* v. *State, supra.*

 There being no evidence to support the conviction, it results that the judgment is reversed and the case remanded for order of dismissal.

All concur.