BEASLEY *v.* STATE.

(*Nashville,* December Term, 1951.)

Opinion filed February 9, 1952.

LOGAN BEASLEY, of Centerville, for plaintiff in error.

KNOX BIGHAM, Assistant Attorney General, for the State.

328

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

On an indictment charging Beasley with the possession of beer intended for unlawful sale he was convicted and given a fine of $250 and a ninety days jail sentence. Part of the punishment was suspended. One assignment of error on his appeal in this case, it being one of the grounds stated in his motion for a new trial, is that there is no evidence that he had this beer in his possession for the purpose of sale.

When the officers searched his home they found about six cases of beer, or one hundred and sixty-four cans. A few cans of this beer were in the cooling part of the refrigerator. The remainder was either in the bottom container of the refrigerator or on the floor of the kitchen in his home. There was not the slightest suggestion of concealment.

Beasley denied that he intended to sell this beer. He and his witnesses, and without contradiction, offered what seems to be a reasonable explanation as to the quantity of beer possessed, if the proof offered by the State made it incumbent upon Beasley to make any explanation as a defense to the charge upon which he was being tried. The jury rejected that explanation, and, since the outcome of this case does not turn upon that, it will be unnecessary to detail the testimony introduced in his behalf.

There is no evidence in this record, direct or circumstantial, that this beer was possessed by Beasley for the purpose of sale unless it be that his possession of what may be termed a considerable quantity of beer is proof that he was possessing it for the purpose of sale. Thus, the brief of the Attorney General properly concedes that the sole basis upon which this conviction may be rested is Beasley's possession of the six cases of beer in his home. The statement in that brief is that the jury "had the right to find that the quantity of beer possessed precluded a finding that it was kept for innocent purposes".

The only case which we are able to find in Tennessee which bears any similarity whatever on its facts to the question of law which is presented for decisions in this case is the dicta in *Holbert* v. *State,* 178 Tenn. 80, 156 S. W. (2d) 388. In deciding that case on a point not involved here, the Court observed that the evidence showed the defendant to possess "a considerable quantity of beer" in a public "establishment operated by defendant", the establishment being "equipped as a roadhouse with a bar, etc." The Court observed that "It may be said in this case that the proof offered by the State indicated that the defendant was storing this liquor for the purposes of sale". The instant case differs radically on its facts from the *Holbert* case, in that the equipment and fixtures in this public establishment *was some proof* that the considerable quantity of beer on hand was being possessed for the purpose of sale. In the instant case the only proof in the record is that Beasley was possessing six cases of beer in his home.

It is lawful in Tennessee to possess and have in one's home six cases of beer. The rule stated in the text of 48 C. J. S., Intoxicating Liquors, Section 339, p. 465, is that "If the possession is lawful, the presumption of un-

lawful purpose does not arise'', citing *People* v. *Barnes,* 314 Ill. 140, 145 N. E. 391. The rule stated must be recognized as sound on principle because the mere exercise of a legal right, nothing else appearing, is no justification for a finding that such right is being exercised with an illegal intent. To hold otherwise is to take from a defendant the presumption of innocence to which he is entitled and, in lieu thereof, require that defendant to satisfy a jury that he had no unlawful intent in the doing of that which he had a legal right to do. Compare *State* v. *Kelly,* 218 Minn. 247, 15 N. W. 2d 554, 162 A. L. R. 477, 486-487, and *McComb City* v. *Hill,* 100 Miss. 193, 56 So. 346, 39 L. R. A., N. S., 534.

It may very well be that the possession of six cases of beer in the home justifies a suspicion that the possession is for the purpose of sale. But convictions cannot be rested on suspicion alone. There must be some proof of the illegal act charged.

Since Beasley's possession of this quantity of beer was lawful, its mere possession, nothing else appearing, is no proof of an unlawful intent.

Reversed and remanded.