FARMER *v*. STATE.

(*Nashville,* December Term, 1953.)

Opinion filed March 3, 1954.

HILLARD M. ROBERTS, of Livingston, for plaintiff.

KNOX BIGHAM, Assistant Attorney General, for the State.

254

Mr. Justice Gailor delivered the opinion of the Court.

Defendant appeals from conviction of the illegal possession of beer for the purpose of sale, and punishment by fine of $300 and sentence to jail for 90 days.

The only assignments of error properly made and argued to support the appeal are (1) that the evidence was insufficient to support the conviction; (2) that certain argument of the Attorney General was improper and prejudicial, and (3) that the punishment was excessive.

As to the first proposition, the defendant introduced no proof. It is undisputed that on October 16, 1953, 20 cases of beer were found in the home of the defendant. Three cases were in a refrigerator, and three more in a tub of ice in the basement. The rest of the beer was stored on the premises. On a table near the refrigerator, there was a cigar box which contained $10 or $15 in currency and change. In an adjoining room the searching officers also discovered a stack of half-dollars three or four inches high. At the time of the search, in addition to the defendant, two other parties were present and drinking beer.

As any other fact in a criminal case, the purpose of the possession of beer may be inferred by the jury from the surrounding circumstances. The evidence in

the present case supports an inference of possession for sale: many bottles of beer in the refrigerator; the possession of a larger amount in storage on the premises; the location of the large amount of change and currency near the refrigerator, and the presence of third parties on the premises drinking beer. From the sum total of all these circumstances, the jury was reasonably warranted in concluding that the purpose of the possession of this large amount of beer ready for sale, was for sale.

Defendant relies on *Beasley* v. *State*, 193 Tenn. 327, 246 S. W. (2d) 32. The proof there was of bare possession of a large quantity of beer, with no proof of other circumstances from which the purpose of the possession might be inferred. The facts of the Beasley case are readily distinguishable from the facts of the case before us.

█ The next assignment is that certain argument of the Attorney General was prejudicial. The assailed argument appears only in the motion for new trial, which, as has been frequently said, is a mere pleading and does not present the matter assailed for our review, as having actually occurred at the trial. Caruthers History of a Lawsuit, 7th Ed., Sec. 421, p. 459, and cases there cited; *Sherman* v. *State*, 125 Tenn. 19, 48, 140 S. W. 209.

█ The last assignment of error complains of the excessiveness of the punishment. The punishment imposed is within the limits prescribed by Code, Section 11252. It was thus legal and no grounds are stated in argument which would justify modification of the punishment by this Court.

All assignments of error are overruled and the judgment is affirmed.