LAMPLEY *v.* STATE.

(*Jackson,* April Term, 1954.)

Opinion filed May 21, 1954.

G. C. GRIDER, of Huntingdon, AARON BROWN, of Paris, for plaintiff in error.

KNOX BIGHAM, Assistant Attorney General, for the State.

Mr. JUSTICE BURNETT delivered the opinion of the Court.

This is an appeal from a conviction of unlawfully possessing whisky. Code Section 11216. The plaintiff in error requested that the jury fix his punishment if they found him guilty. The jury found the plaintiff in error guilty and fixed his punishment at a fine of $500 and a workhouse sentence of six months. It is from this conviction that the present appeal comes.

In February of 1952 members of the highway patrol, possessing a search warrant, searched a building in Henry County referred to as "The Barn" which was being used as a beer tavern. Two of these patrolmen testified that the owner of the premises was "Mr. Henry Lampley." The search resulted in the discovery of considerable quantity of intoxicating liquors. One, Magee and his wife were present at the time of the search and after the officers had taken the liquor they gave a receipt for the confiscated liquor to Magee. Lampley was not present at the time but was said to be in Chicago.

The various assignments of error vigorously insist that the evidence preponderates against the verdict. It is the contention of the plaintiff in error that he was not present and that there was a complete lack of evidence as to his ownership of the liquor found. His argument obviously also suggests that since the highway patrolmen gave Magee a receipt for this liquor, after they had confiscated it, that they were in effect recognizing Magee as the owner of the liquor. The plaintiff in error relies upon our case of *Shelton* v. *State,* 190 Tenn. 518, 230 S. W. (2d) 986, as controlling. We do not think the Shelton case is in point because in that case it was pointed out that the husband there had nothing to do with the whisky found

but that his wife took control of it and broke some of it and when she heard the officers coming in she ran out the back door and threw some away. Under such a factual situation this Court held that the presumption that the defendant, as the husband and head of the family, is the possessor and owner of the whisky found on the premises was rebutted by the facts which clearly overcame the legal presumption. See *Crocker* v. *State,* 148 Tenn. 106, 251 S. W. 914.

In the present case there is no showing of the exercise of dominion and control by either of the Magee's. It is true they were there and a receipt for the liquor taken was given to them. We have in this case only the bare fact that Lampley was the owner of the premises. Lampley does not take the witness stand and offers no evidence to rebut any legal presumptions that might be followed by reason of the fact that he is the owner of the premises. Therefore it is obvious, since there was no testimony offered to negative this well known legal presumption that when whisky was found on the premises of a person it is presumed to be his, we must conclude that it is Lampley's whisky. Of course in this Court the burden is on the plaintiff in error to show his innocence by a preponderance of the evidence and since there is no showing whatsoever to overcome the presumption there is nothing that we can do but affirm the matter.

This case is in line with our case of *Hicks* v. *State,* 194 Tenn. 351, at page 353, 250 S. W. (2d) 559, at page 560, wherein the Court speaking through Mr. Justice Tomlinson said:

"It is conceded that the finding of this liquor in the home of Russell Hicks would ordinarily create a presumption that the liquor belonged to him. It is

said, however, that inasmuch as he was not at home, and that there was in the home some other man along with the wife of Hicks that, therefore, this presumption is destroyed."

This Court then, in that opinion, overruled the insistence here made by the plaintiff in error and holds that the presumption prevailed that Hicks was in possession of the whisky and he was held responsible therefor.

This Court has for many years held that where whisky is found on the premises of the accused there arises the presumption that the owner of the premises, and the one having control thereof, is the owner of the whisky. This question has been passed on in many States, some have statutes specifically authorizing the presumption and others merely follow the long standing and well recognized rule that when one is in possession or control of the property, there is a presumption that where liquor is found on his premises he is presumed to be the owner of the liquor. This question generally is treated in 33 Corpus Juris, pages 742, 743, 744, 48 C. J. S., Intoxicating Liquors, Section 339. Presumption of the violation of the liquor laws may be had from the finding of liquor on the premises of which the defendant had possesion and control. *Appling* v. *State,* 88 Ark. 393, 114 S. W. 927; *Nickels* v. *State,* 22 Ohio Cir. Ct. R., N. S., 236; *Rogers* v. *State,* 19 Okl. Cr. 1, 197 P. 525; *State* v. *Brown,* 121 Wash. 371, 209 P. 855, and others.

From our examination of this record and authorities, the long established practice in this State, we are satisfied that under the evidence here that the finding of the liquor on property belonging to Henry Lampley, without any evidence to the contrary, created a rebuttable presumption that the whisky was Lampley's. There being no evidence to the contrary we must affirm.