VEAL *v.* STATE.

(*Nashville*, December Term, 1953.)

Opinion filed May 21, 1954.

J. J. JEWELL, JR., of Murfreesboro, for plaintiff.

KNOX BIGHAM, Assistant Attorney General, for the State.

Mr. Justice Gailor delivered the opinion of the Court.

Defendant appeals from conviction of the illegal possession of whisky and from a punishment by fine of $500 and 90 days in jail.

Between 6:00 and 6:30 o'clock in the evening of August 20, 1953, the Sheriff of Rutherford County, with other law officers, armed with a search warrant, searched a farm in the 18th Civil District in Rutherford County, where the defendant Dennis Veal lived with his wife, his son, who had been discharged from military service, a married daughter, who was separated from her husband, and other children and family dependents. The farm is owned by the wife and her eight brothers and sisters. When the searching party arrived, there were a number of visiting adults also on the premises.

The search party found in the house, empty bottles and jars which smelled of whisky; in the kitchen, a pan of dish water which smelled of whisky; and in an adjoining field, three tow-sacks which contained some 16 gallons of white, unstamped whiskey. There is no scintilla of affirmative evidence that the defendant, Dennis Veal, knew of the fact that the whisky was on the premises at the time of the search (it being undisputed that he had returned to the farm shortly before the arrival of the officers), or that the defendant Dennis Veal, rather than the three or four other adults who lived on the farm and

were present when the search was made, owned or possessed the whisky.

The only affirmative evidence of the ownership of the whisky is by the married daughter, Louise Veal, who told the searching officers that it was her whisky. She was jointly indicted and tried with her .father, but was acquitted by the jury. The wife of defendant, Gertrude Veal, testified that the farm was her farm, and that at the time of the search, she had been washing dishes in the kitchen where the dishpan of water which smelled of whisky, was found.

After our study of the record, we cannot escape the conclusion that the only basis for the conviction of the defendant Dennis Veal in the present case, was that some years prior to the date of this alleged offense against the liquor laws, Dennis Veal had been convicted and paid a fine for the possession of whisky.

To support the conviction, the State cites *Crocker* v. *State,* 148 Tenn. 106, 251 S. W. 914. We find that the decision in that case furnishes no such authority. In the Crocker case, supra, the wife was indicted and convicted of the possession of whisky for sale. Apparently, the premises which were rented by the husband, were occupied only by the husband and wife. It was a necessary inference that either the husband or the wife was in constructive possession of the whisky at the time of its seizure. On this hypothesis, this Court reversed the conviction of the wife on the ground that the husband was the head of the family and in control of the premises at common law, and therefore, it was to be presumed that he, and not the wife, was in constructive possession of the whisky. From what was said by this Court in the course of the opinion in *Johnson* v. *State,* 152 Tenn. 184,

274 S. W. 12, it is clear that the presumption of *Crocker* v. *State*, supra, is valid only so long as there is no affirmative evidence that the actual possession and ownership of the whisky was in some person other than the husband. In the present case, there was such affirmative evidence by the daughter, that it was her whisky, and by the wife, Gertrude Veal, that she was in control of the dishpan which smelled of whisky.

"The presumption that the defendant, as husband and head of the family, is the possessor and owner of any whisky found on the premises of the marital dwelling, *Crocker* v. *State*, 148 Tenn. 106, 251 S. W. 914, is a presumption of law merely, and is effective as proof only so long as there is an entire lack of evidence." *Shelton* v. *State*, 190 Tenn. 518, 520, 230 S. W. (2d) 986, 987.

A further assignment of error would necessitate the reversal of the case. That assignment is that during the argument of the Attorney for the defendant, the Trial Judge shook his head in disagreement, without explaining to the jury what caused his action. The jury was so left to speculate whether his Honor's collar was too tight or whether he disbelieved what was being said for the defense. The influence of the Trial Judge on the verdict of the jury is so great that no action nor word of the Trial Judge should be allowed to indicate the Judge's conclusion of guilt or innocence. What was said of this by this Court in an early case, is equally true today:

"Courts should use every caution—every care—to keep juries from concluding they desire any particular result, and from using language calculated to so impress them. Of course, we do not think

his honor meant to convey his opinion of the merits of the case to the jury; but we do see that his language may have had that force.'' *Persons* v. *State*, 90 Tenn. 291, 298-299, 16 S. W. 726, 728.

Reversed and remanded.

NOTE: The opinion in this case was prepared by Mr. Justice FRANK H. GAILOR, and was unanimously approved in conference prior to his death.