MATTIE LEE HALL AND JOHN HALL

*v.*

STATE OF TENNESSEE

(*Nashville,* December Term, 1955.)

Opinion filed July 20, 1956.

KENNETH HARWELL, Nashville, W. B. WILLIAMS, Lebanon, for plaintiffs in error.

ALLISON B. HUMPHREYS, Solicitor General for the State.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

These two plaintiffs in error were tried and convicted of possessing intoxicating liquors and were fined $200 each, with a 60-day jail sentence in each case, the punishment having been fixed by a jury under the Act so providing. T.C.A. sec. 40-2704.

Neither defendant testified in his own behalf. The proof in behalf of the State consisted of the following: On the night of May 21, 1955, the Sheriff of Wilson County, accompanied by his deputy, H. D. Harrison, and a Highway Patrolman, James Dotson, acting under a search warrant went to the home of the defendants to search for intoxicating liquor. The Sheriff remained outside the building while the other two officers went inside. As the two were about to enter the house they heard Mattie Lee Hall say to a Negro man who was leaving the house by way of the back door, "Come back any time." The Sheriff who had remained outside the prem-

ises, apprehended this Negro man, searched him, and found on his person a bottle of intoxicating liquor.

The two officers inside the house found about a gallon of white whisky in a pitcher near the kitchen sink and about a pint of bonded whisky in a pint milk bottle near the sink. Mrs. Hall was present at this time but Mr. Hall was not. When the officers attempted to read the search warrant she informed them that Mr. Hall was asleep in another room and she took them in there where he was, awakened him, and the warrant was served upon both of them. Mrs. Hall appeared to one of the officers to be about to switch off the lights when she walked over near a chair and at that instant the officers flashed the flashlight in the direction of the chair, whereupon Mrs. Hall, apparently without touching the chair, straightened up and the officers discovered two bottles of gin in the chair. Mr. Hall appeared to have been drinking back in the room where he was asleep.

The officers noticed in the kitchen sink some dram glasses and the Sheriff testified that there was quite a good deal of automobile traffic in and out of these premises by both white and colored people, both in the daytime and at night. None of the officers testified, however, that they saw Mrs. Hall actually handle any of the whisky that was found, although, of course, if the jury was warranted in finding that this Negro man had purchased his half-pint of whisky there, he must have purchased it from Mrs. Hall because she was awake and attending to the place while Mr. Hall was back in the bedroom asleep.

Counsel argues in effect, that it is not proper to allow an inference that this man bought the whisky at this place because he might just as well have had the whisky

with him before he went there. This is not a very plausible argument, however, because there is nothing to indicate that he bought the whisky at any other place and it is also rather in the nature of taking "coals to Newcastle" kind of an argument.

There are no assignments with reference to the evidence insofar as the appeal of Mr. Hall is concerned but Mrs. Hall asserts that there is no evidence to support the verdict and that the evidence preponderates against the verdict.

Mrs. Hall relies upon *Crocker v. State,* 148 Tenn. 106, 251 S.W. 914, and upon two cases in which she was involved some years ago, which are *Lea v. State,* 181 Tenn. 378, 181 S.W.2d 351, and *Lea v. State,* 182 Tenn. 45, 184 S.W.2d 162.

■ It is a well-established rule set out in the Crocker case that where intoxicating liquors are found on the premises occupied as a residence by huband and wife and there is no evidence to show whether the same was in the possession of the husband alone—or the wife alone —or in both of them, there is a *prima facie* presumption that the husband, being the head of the family, is in sole possession of the same. However, where there is evidence to show possession otherwise than in the husband alone the jury is warranted in accepting this evidence and in disregarding the presumption.

■ We think the evidence in this case meets this test and requires an affirmance of the action of the jury in that respect.

■ The third assignment of error is an attempt to apply by analogy the case of *Gray v. State,* 191 Tenn. 526, 235 S.W.2d 20, in which this Court condemned as

erroneous the argument of the District Attorney General in a homicide case that the jury's verdict, whatever it might be, was subject to review by the Supreme Court which would correct any mistakes, it being said by this Court that it tended to invite the trial jury to shirk certain of its responsibilities.

That case has no application to the present situation. The only thing the Attorney General said in argument was as follows:

"Prior to 1947, the only function of a jury in a whisky case of this character was to pass on the guilt or innocence of the accused and fix the fine, and a jail sentence was left to the Court to pass on—whether or not he wanted to put a jail sentence on it. In 1947 [Pub. Acts 1947, c. 82], the Legislature passed a law that provides that on request it would give the jury the obligation to fix sentence and fine. On request it took away from the Trial Judge the right to impose a sentence. You are not going to put down this bootlegging with just a fine, because they have got the money to pay it. What they don't want is a jail sentence. When the jury imposes a jail sentence if the Court thinks that sentence should be suspended, he can suspend it."

 There is certainly nothing improper or prejudicial in referring to the Act of 1947, or in stating correctly, as was done, the substance of same. It was error to refer to the power of the Judge to suspend the sentence, because that was not within the province of the jury to consider. Obviously, however, it does not affirmatively appear that same was prejudicial, because the jury fixed the jail sentence at only one-third of the maximum. Further, under the same assignment counsel ob-

jects to the argument of the Attorney General on the alleged basis that he made statements that are not supported by the evidence. This is true in only one respect where he stated there was no proof that this couple were married, whereas the Sheriff had testified that they were married about a year before this occurrence. Presumably the jury heard the Sheriff's testimony and it must be assumed that they would take that testimony rather than the statement of the Attorney General on the assumption that the Attorney General was simply mistaken. Although the argument of the Attorney General was vigorous we find nothing prejudicial about it. We feel rather sure that the plaintiffs in error did not approve of the argument but we find that the criticism by counsel is not justified by the record. This assignment is overruled.

The fourth assignment complains of the charge of the Court as being erroneous in regard to Mrs. Hall. The charge is as follows:

"There is a presumption that the husband as head of the family is in possession of anything found in the home and premises, but this is a presumption of law merely and is effective as proof only so long as there is an entire lack of evidence on that point, but if you find that the husband was asleep in another room and two bottles of gin in the room with him and that the wife was in the kitchen where there was a pitcher on the sink or drainboard containing five pints of whisky, and another quantity of whisky in a milk bottle, and a colored man leaving the kitchen where she was with a bottle of whisky on his person, then it is a question for you to decide whether the wife was exercising any dominion and control over the whisky. If you find

beyond a reasonable doubt that the wife exercised any dominion or control over the liquors she would also be guilty.''

The first criticism of this charge is that it violates Art. VI, section 9, of our Constitution which provides that Judges shall not charge juries with respect to matters of fact, but may state the testimony and the law.

Counsel cites no authority to sustain his insistence and we think that it is without merit.

■ The charge is further criticized where it is stated ''but this is a presumption of law merely and is effective as proof only so long as there is an entire lack of evidence on that point.''

This charge follows *Shelton v. State,* 190 Tenn. 518, 230 S.W.2d 986, which is quoted in *Veal v. State,* 196 Tenn. 443, 268 S.W.2d 345.

The only criticism that can be made of that instruction is that it is too broad in that the presumption does not apply to everything that may be found in the home or premises because there are certain articles of personal nature that would necessarily belong to the wife or children, such as clothing and wedding presents and various other kinds of articles, but the charge shows that the Court was referring to intoxicating liquors and Mrs. Hall could not be prejudiced by the use of such broad term as ''anything.'' This assignment is overruled.

■ The fifth and last assignment is directed at the refusal of the Court to give a special request. The substance of that request was covered in the one above set out under assignment four, and this assignment is overruled.

Mr. Hall has only one assignment which is the same as Mrs. Hall's assignment three, and is therefore over-ruled.

The judgment below is affirmed.