R. C. YOUNGER

*v.*

STATE OF TENNESSEE.

(*Jackson,* April Term, 1960.)

Opinion filed May 4, 1960.

H. T. ETHERIDGE, JR., Jackson, for R. C. Younger.

THOMAS E. FOX, Assistant Attorney General, for the State.

Mr. Justice Felts delivered the opinion of the Court.

Defendant below Younger was convicted of possessing intoxicating liquor and his punishment fixed at 60 days in jail and a $500 fine. He appealed in error and insists that the evidence preponderates against the verdict of guilt and in favor of his innocence.

Defendant was operating a restaurant located on the north side of U. S. Highway 70 a few miles east of Jackson, and he and his wife were living in a dwelling to the rear of his restaurant. On the day in question, the officers, a constable and two members of the Highway Patrol, with a search warrant, searched his restaurant and his dwelling house, and found no intoxicating liquor and no evidence of any such liquor.

After the officers had failed to find any evidence of any intoxicating liquor in his restaurant or his house, the constable went over a fence onto a vacant lot where he found hidden in the weeds nine half pints of Old Crow,

bottled in bond, whiskey. The whiskey was near a public dump and between defendant's house and the El Rancho night club. This vacant lot was not in possession or control of defendant but was accessible from the nearby Watson Road, which ran behind the El Rancho night club and defendant's dwelling house.

There was no evidence, testimonial or circumstantial, tending to prove that this whiskey belonged to defendant except the circumstance that it was somewhat nearer to the rear of his dwelling than to the El Rancho night club. But the evidence did not negative the probability that the liquor might have belonged to someone else. As soon as the officers told him they had found the liquor, he at once disclaimed any ownership or knowledge of it.

He testified that the whiskey did not belong to him and he had no knowledge that it was hidden there. He was not contradicted by any other witness or impeached by cross-examination. Nor was there any evidence that he had ever before been accused of violating the liquor law.

■■ It is the rule in this State that where intoxicating liquor is found on premises in possession of the accused, there arises a presumption that he is the owner of such liquor, and this presumption prevails unless rebutted by him; and the burden is upon the defendant, appealing from a conviction, to show that the evidence preponderates against the verdict of guilt and in favor of his innocence. *Lampley v. State,* 196 Tenn. 534, 268 S. W.2d 572.

■ In the case before us, however, the whiskey was not found on defendant's premises, but on a vacant lot not in his control and as accessible to anyone else as to

him.   In such circumstance, we think there was no presumption that such whiskey belonged to defendant rather than to some other person; and, upon his undisputed testimony, we think the evidence does preponderate against the verdict of guilt and in favor of his innocence. Cf. *Marie v. State,* 204 Tenn. 197, 319 S.W.2d 86.

For these reasons, the verdict of the jury is set aside and the judgment below is reversed, and the case is remanded for a new trial.