CLYDE EVANS

*v.*

STATE OF TENNESSEE.

354 S. W. 2d 263.

(*Knoxville,* September Term, 1961.)

Opinion filed February 8, 1962.

THOMAS E. MITCHELL, Johnson City, for plaintiff in error.

Thomas E. Fox, Assistant Attorney General, for the State.

Mr. Justice Felts delivered the opinion of the Court.

Clyde Evans was convicted of possession of intoxicating liquors and was fined $500.00 and sentenced to 30 days in the county workhouse. He appealed in error and insists that there was no evidence to support the verdict, and that the evidence on which the verdict rests was inadmissible because it was obtained by an illegal search in violation of his constitutional rights.

The State put on one witness, Cecil Street, formerly a deputy sheriff. He testified that he and another deputy sheriff, Floyd Humphreys, obtained a search warrant, the original of which is sent up as part of the bill of exceptions. It charged that "John or Jane Doe alias" was in unlawful possession of a quantity of intoxicating liquors on "premises used and occupied by" them, which it described thus:

"Travel East on Main St. to Broadway. Proceed East on 91 approx. 3.0 mile to a white house with Blue roof, said house is a 7 or 8 room house. Said house being residence of Clyde Evans."

Under this search warrant, these two officers went to the home of defendant, searched it, but found no intoxicating liquor. Then they went back behind his house across a driveway or street about 100 feet to another house, called in the record a "garage apartment" or "apartment house," and there under the steps at the back porch of that house, they found 15 pints of whiskey. When they asked Evans about it, "he said it wasn't his."

It appears that that house was not a part of the outhouses appurtenant to the premises described in the warrant, but was separated therefrom by a paved road which defendant used as a driveway to the rear of his house, but which his witness Queen said was also a public street, Spruce Street, in Johnson City (see plat, Ex. 1). The officers did not enter that house and did not know by whom it was occupied, though the State's witness said it had been occupied by defendant's brother-in-law, but he did not know whether it was still so occupied or not. The witness did say this other house was owned by defendant; but, as stated, he did not know whether defendant was in possession or control of it, or in possession of the whiskey found there. Defendant himself did not testify as a witness.

■ Where intoxicating liquor is found on premises in the control and possession of the accused, there arises a presumption that such liquor is in his possession, and upon appeal from a conviction based on such presumptive possession, the burden is upon him to rebut the presumption. *Lampley v. State,* 196 Tenn. 534, 536, 268 S.W.2d 572; *Younger v. State,* 206 Tenn. 588, 335 S.W.2d 828.

■ ■ But while the fact of ownership of realty, a building or house, may raise a presumption of possession

in its owner, still such presumption does not arise where there is evidence that the property may be occupied or in possession of others than the owner; and in such case, mere ownership will not support a conviction of the owner for possession of whiskey found on such property; nor is a search warrant valid which authorizes a search of multiple premises occupied by different persons. *Worden v. State,* 197 Tenn. 340, 273 S.W.2d 139; *State v. Bass,* 153 Tenn. 162, 281 S.W. 936.

With commendable frankness, the able Assistant Attorney General concedes that there is ''serious doubt'' that the evidence is sufficient to show that the whiskey found was actually in possession of defendant, and submits the case without a recommendation.

We share this doubt, but we need not resolve it —need not determine whether the State's proof made a *prima facie* case of presumptive possession; but, assuming the evidence did make such a case, we think such evidence was inadmissible because it was obtained by virtue of the search warrant which failed to comply with the statute (T.C.A. sec. 40-518, Acts 1959, ch. 241) in that the person issuing it failed to endorse the same, ''showing the hour, date, and .the name of the officer to .whom the warrant was delivered for execution.'' Such failure made the warrant and the search thereunder illegal and void. *Johnson v. State,* 208 Tenn. 620, 348 S.W.2d 295 296; *Talley v. State,* 208 Tenn. 275, 345 S.W. 2d 867.

It results that the judgment of the Trial Court will be reversed and the case dismissed. *Johnson v. State,* supra.