40

Ray "Nip" Dykes, Plaintiff in Error,

*v.*

State of Tennessee, Defendant in Error.

372 S.W.2d 184

(*Knoxville,* September Term, 1963.)

Opinion filed November 6, 1963.

B. C. McInturff, Kingsport, for plaintiff in error.

George F. McCanless, Attorney General, Walker T. Tipton, Assistant Attorney General, for the State.

Mr. Justice Holmes delivered the opinion of the Court.

The plaintiff in error, who hereinafter will be referred to as defendant, was indicted and convicted of the offense of possessing beer for the purpose of sale and sentenced to serve six months in the County Jail and pay a fine of $100.00. Following the overruling of his motion for a new trial, the defendant has duly perfected his appeal.

The bill of exceptions is in narrative form. It shows that on May 15, 1962 two sheriff's deputies procured a search warrant for the residence of the defendant and searched same. These officers found eleven cases and ten cans of beer on the premises. Four cases and the cans were in the refrigerator and the remainder in the automobile on the premises. There were two men present at the time of the search who were drinking beer. One of the officers testified that he had known the defendant for several years and that, to the best of his knowledge, the defendant was not employed. Neither officer saw anyone buy or sell any beer at this place.

The record further discloses that in the absence of the jury during the course of the trial of the case, the Trial Judge "said 'that the notations on his docket entered at the last term of Court reflected that the defendant stated that he would enter a plea of guilty' at this term of

Court and upon his making that statement the case was continued—that where defendants make known to the Court that they would plead guilty it was not as difficult to get a case continued under those conditions. The defense counsel stated that the statement was made to the Court, however, he could not plead guilty or be bound by a plea of guilty if his client wished to plead 'not guilty'."

Thereafter, over the objection of the defendant, in the presence of the jury, one of the deputies testified "that the defendant stated that he would enter a plea of guilty at this term of the Court."

The technical record discloses that this cause was continued on the 13th day of March 1963. The minute entry shows, "This case is continued until the next term of this Court at which time defendant will plead guilty and the case is set for the first week in April."

The case was tried on the 12th day of July 1963. The minute entry in the cause for that date, among other things, states the following:

"Came the Attorney General to prosecute for the State and the defendant being at the bar of the Court in person and by attorney and being arraigned on an indictment charging Possessing Beer for Sale pleads not guilty thereto and requests that the jury fix all punishment in the event of guilty and for his trial puts himself upon the Country and the Attorney General on behalf of the State doth the like."

Only three witnesses, the two deputies and a deputy clerk of the Court, testified. The defendant offered no evidence. As stated, the jury found the defendant guilty

and fixed the punishment at a fine of $100.00 and six months confinement in the County Jail. The jury, by its verdict, further recommended that the jail sentence be suspended.

The second assignment of error is:

"The Court erred over the objection of the defendant in permitting the introduction of evidence that the defendant had heretofore entered a plea of 'guilty' in this cause, which resulted in prejudicial error to the defendant."

In support of this assignment of error, the defendant relies upon *Brooks v. State,* 187 Tenn. 67, 213 S.W.2d 7. In the Brooks case, on cross examination of the defendant, the District Attorney General asked him if he did not plead guilty to the charge for which he was then on trial when he was arraigned. The opinion in the Brooks case shows that, "State's counsel stated to the Court that defendant had plead guilty on arraignment and that the plea had not been set aside." The defendant in that case objected to the testimony and statement of State's counsel in the presence of the jury and assigned as error the action of the Trial Court in not sustaining this objection. In sustaining the assignment of error, this Court stated:

"Here the record shows the parties went to trial on a plea of Not Guilty and the verdict was returned after considering the evidence on this plea. The first and only intimation of a previous plea of guilty comes through a question to the defendant on cross examination. Under these circumstances it seems clear to us that the State, having thus proceeded, waived the for-

mer plea of guilty and any formal order setting the same aside, and elected to try the defendant on his plea of Not Guilty. The converse of this proposition was held in *Stewart v. State,* 164 Tenn. 202, 46 S.W.2d 811. A *fortiori* the rule should apply to a defendant.

"Having thus proceeded, it was erroneous for the State to ask the defendant on cross examination 'if he did not plead guilty to the charge.'"

From the narrative bill of exceptions, the pertinent parts of which we have quoted above, it is not clear whether the agreement or offer to plead guilty when the case was previously set for trial was made by the defendant himself or through counsel. The State concedes that, if the defendant did not have counsel at the time the offer to plead guilty was made, then under the authority of *White v. Maryland,* 373 U.S. 59, 83 S.Ct. 1050, 1051, 10 L.Ed.2d 193, the case would have to be reversed. Under the view we take of the case, it is unimportant whether the defendant made the offer to plead guilty in his proper person or through counsel.

The opinion of this Court in *Brooks v. State,* supra, which was written by the present Chief Justice, clearly aligns Tennessee with those jurisdictions which hold that a withdrawn plea of guilty entered in the trial court may not be shown in evidence as a judicial confession at the trial of the indictment. In the Brooks case this Court quoted with approval excerpts from *Kercheval v. United States,* 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009, which is the leading case holding evidence of a withdrawn guilty plea is not admissible against the defendant.

In Basic Problems of Evidence by Morgan, at Page 286, it is stated that the trend seems to be to exclude such evidence. The cases dealing with the admissibility in evidence of a withdrawn plea of guilty are collected in an annotation in 86 A.L.R.2d 326. Here though, we do not have a withdrawn guilty plea, but an offer or agreement to plead guilty upon a continuance to the next term followed by a trial upon a not guilty plea.

Minnesota is among the states holding that evidence of such withdrawn plea may not be introduced upon the trial. The Supreme Court of that state, when presented with the question of whether or not evidence of an offer to plead guilty could be admitted in *State v. McGunn,* 208 Minn. 349, 294 N.W. 208, 209, stated:

"It is not a former plea of guilty with which we have to deal in the case at bar, but merely a proposal to plead guilty on the promise or recommendation of a suspended sentence. Can it be said that the above reasoning does not apply with equal force to the case where the defendant merely makes an offer to plead guilty, as to the case where the defendant actually makes such a plea and later, by leave of court, withdraws it? We think not. If such were the result, the defendant who merely offered to plead guilty would be in a worse plight than the defendant who actually pleaded guilty, withdrew his plea and substituted another."

In passing upon the admissibility in evidence of an agreement to enter a guilty plea made at a prior term of Court, the Texas Court of Criminal Appeals, in *Dean v. State,* 72 Tex.Cr.R. 274, 161 S.W. 974, held:

"While it is true, if an agreement had been entered into it ought to have been lived up to, yet if the appellant did not desire to enter a plea of guilty, as her counsel agreed she would do, it was her right not to do so, and let the state prove her guilt if it could do so, and the court correctly held that this agreement of counsel was not admissible in evidence."

■ We agree with the conclusions reached by the Courts in the cases quoted from above. Just as the State waived the former plea of guilty in the Brooks case by going to trial on a plea of not guilty, so the State in the case at bar waived the agreement to plead guilty by proceeding to trial on the plea of not guilty.

As stated by the Texas Court, it is true agreements should be lived up to. Apparently, in the present case, some punishment was imposed upon the defendant for his failure to abide by his agreement to plead guilty, for the record shows the following order was entered in this cause on July 15, 1963:

"The defendant will be held until he makes bond of $1,000.00 to appear here on July 24, 1963, at 9:00 O'clock A.M.

"Defendant was convicted on July 12th and during the trial the Court held defendant in contempt of Court and ordered him committed to jail.

"Defendant gave notice of a Motion for New Trial which will be passed on on July 24th."

The narrative bill of exceptions does not indicate anything else occurred during the trial that could constitute a contempt of Court.

■ This leaves the question of whether or not without the evidence of an agreement to plead guilty, the evidence was sufficient to support the conviction. This question is raised by the first assignment of error.

In *Beasley v. State,* 193 Tenn. 327, 246 S.W.2d 32, it was held that, while the possession of six cases of beer in the home justifies a suspicion that the possession was for the purpose of sale, it did not constitute evidence of an unlawful intent and would not sustain a charge of possession for purpose of sale. In the Beasley case a few cans of beer were in the cooling part of the refrigerator and the rest were either in the bottom of the refrigerator or on the floor of the kitchen.

In *Farmer v. State,* 196 Tenn. 253, 265 S.W.2d 555, twenty cases of beer were found in the home of the defendant, three cases of which were in the refrigerator and three more in a tub of ice in the basement, the rest being stored on the premises. There were two persons present drinking beer at the time of the search. On a table near the refrigerator there was a cigar box which contained $10.00 or $15.00 in currency and change, and, in an adjoining room, a stack of half dollars three or four inches high was found. The Court in the Farmer case stated:

"As any other fact in a criminal case, the purpose of the possession of beer may be inferred by the jury from the surrounding circumstances. The evidence in the present case supports an inference of possession for sale: many bottles of beer in the refrigerator; the possession of a larger amount in storage on the premises; the location of the large amount of change and currency near the refrigerator, and the presence of

third parties on the premises drinking beer. From the sum total of these circumstances, the jury was reasonably warranted in concluding that the purpose of the possession of this large amount of beer ready for sale, was for sale." Pages 254 and 255 of 196 Tenn., page 555 of 265 S.W.2d.

All of the elements present in the Farmer case are present in the case at bar except the presence of money. In the case at bar there is the further element that the defendant had been known by the arresting officer for several years and had no visible employment.

We conclude that the facts of this case could warrant a jury in finding that the possession of the beer was for the purpose of sale and overrule the first assignment of error. For the reasons hereinabove stated, the second assignment of error is sustained, and the cause is remanded for a new trial.