A. B. Turner, Plaintiff in Error,

*v.*

State of Tennessee, Defendant in Error.

394 S.W.2d 635

(*Nashville,* December Term, 1964.)

Opinion filed October 8, 1965.

M. A. PEEBLES, EDWARD C. BLANK, II, MACFARLAND & COLLEY, Columbia, for plaintiff in error.

GEORGE F. MCCANLESS, Attorney General, ROBERT F. HEDGEPATH, Assistant Attorney General, for defendant in error.

MR. JUSTICE WHITE delivered the opinion of the Court.

Plaintiff in error was convicted of the unlawful possession of intoxicating beverages for the purpose of resale. He was fined Fifty Dollars and sentenced to serve thirty days in the County Workhouse. His motion for a new trial being overruled, he has perfected his appeal to this Court.

On May 10, 1964, police officers of the City of Columbia and Maury County, armed with a search warrant, went to an establishment on West 11th Street, a brick structure in the City of Columbia known as the "Big Brick." They knocked at the door, the plaintiff in error opened the door for them and allowed them to enter. They read the warrant to him and then searched the premises finding 280 half pints and 5 full pints of whiskey and 138 cans of beer. Some of the whiskey was located on shelves in a room that also contained a counter and a cash register, some chairs, and a cooler. In a back room was found two refrigerators stocked with beer and some whiskey in boxes. The premises showed no evidence of living accommodations.

Plaintiff in error was the only person found at this establishment. He gave no statement to the police, nor did he testify at the trial. There was no evidence as to persons having purchased alcoholic beverages at these premises or from the plaintiff in error. Plaintiff in error's only offer of proof was that the ownership of the building was in someone else and it was rented to still another person. The ownership in a third person was in fact stipulated by the parties.

The only contention of Turner is that the State failed to prove by a preponderance of the evidence that he was guilty of possession of liquor for the purpose of resale. In support of this contention, he claims that he must be

allowed the benefit of the presumption that the owner or lessor of the premises is in control and possession thereof and is, therefore, in possession of the liquor. He insists that the evidence of the State was not sufficient to rebut this presumption, and that since the presumption works to establish the guilt of someone else, plaintiff in error could not be the guilty party.

■■ The presumption that plaintiff in error bases his case on is correctly stated as being this: The owner of property is presumed to be in control and possession of the premises, and if liquor is found on the premises, it is, therefore, presumed to be in the owner's possession. *Evans v. State,* 209 Tenn. 453, 354 S.W.2d 263 (1962); *Marie v. State,* 204 Tenn. 197, 319 S.W.2d 86 (1968); *Lampley v. State,* 196 Tenn. 534, 268 S.W.2d 572 (1954). The presumption appears to be particularly strong where a husband is the owner of the premises and either he or his wife is the accused. *Hicks v. State,* 194 Tenn. 351, 250 S.W.2d 559 (1952); *Crocker v. State,* 148 Tenn. 106, 251 S.W. 914 (1922).

■ If possession and control of the premises is found to be in someone other than the owner, the presumption that the owner of the premises is in possession of the liquor never arises.

But while the fact of ownership of realty, a building or house, may raise a presumption of possession in its owner, still such presumption does not arise where there is evidence that the property may be occupied or in possession of others than the owner; and in such case, mere ownership will not support a conviction of the owner for possession of whiskey found on such property * * *. 209 Tenn. at 455, 456, 354 S.W.2d 264.

■■ If possession and control of the liquor itself can be found to be in someone other than the owner of the premises, the presumption is completely refuted. *Marie v. State,* supra; *Veal v. State,* 196 Tenn. 443, 268 S.W.2d 345 (1954); *Shelton v. State,* 190 Tenn. 518, 230 S.W.2d 986 (1950). The evidence of possession in someone else must also be credible evidence. *Evans v. State,* 188 Tenn. 58, 216 S.W.2d 724 (1949).

In *Lampley v. State,* supra, the defendant owned the premises on which liquor was found, but he was not present at the time of the search. One Magee and wife were present at the time of the search and they were given a receipt for the liquor. The Court held that the ownership presumption was not rebutted by the presence of the Magees, since there was no evidence that they exercised dominion and control over the premises; owner's conviction was affirmed.

In *Crocker v. State,* supra, the evidence was that defendant, the wife of the owner of the premises, knew of the storage of whiskey on the premises; there apparently was no evidence that she owned it or was keeping it in stock for resale. Here it was held that the presumption that the husband, being the head of the household, was the owner of the whiskey and was possessing it for resale was not rebutted by this evidence. Conviction of the wife was reversed.

In *Hicks v. State,* supra, defendant husband, who owned the property, was presumed to own the liquor found thereon. This presumption was held not rebutted by the fact that his wife and another man were found on the premises at the time of the search and defendant hadn't been there for a long time.

Moving to the question of whether liquor was being held for the purpose of resale, three cases are important: In *Beasley v. State,* 193 Tenn. 327, 246 S.W.2d 32 (1952), it was held that the possession of six cases of beer on defendant's premises was not enough to prove intent to resell. In *Farmer v. State,* 196 Tenn. 253, 265 S.W.2d 555 (1954), twenty cases of beer were on the premises, some of which were in a refrigerator and a tub of ice being cooled; in addition there were persons there drinking beer, and some ten or fifteen dollars in currency and change was found near the refrigerator. This evidence was held to clearly show intent to resell. In *Dykes v. States,* 213 Tenn. 40, 372 S.W.2d 184 (1963), virtually the same facts appear that were in Farmer, except that in Dykes there was no money present; still the evidence was held enough to establish intent to resell.

■ As set out herein, Turner contends that the State failed to prove beyond a reasonable doubt that he was guilty of possession of intoxicating beverages for the purpose of resale. In the trial court the presumption of innocence stood as a witness for Turner, but upon the return of the verdict of guilty by the jury and approval by the trial judge, this presumption of innocence disappeared and on appeal here he is presumed to be guilty. It is our duty to affirm on the facts of the case unless we find that they preponderate against the verdict of the jury and in favor of the innocence of the plaintiff in error. This we cannot do for the reasons appearing herein.

The plaintff in error claims that he should be allowed the benefit of the presumption that the owner of the premises was in possession of the liquor. Of course, this is a rebuttable presumption and the jury found that the

evidence did rebut this presumption. There is a plethora of definitions of the basic characteristics of a presumption, some of which have been referred to in the cases supra, and one of the better cases is that of *Marie v. State,* supra, written by the then Mr. Chief Justice Neil, to which the reader is referred. It should be remembered that this presumption runs in favor of the State against the owner of the property when such owner is on trial and should not accrue to the benefit of Turner, although such a holding might be different under facts different from those appearing herein.

When the officers went to the premises in question armed with a search warrant, they were admitted by Turner, who was the only person there at the time, and the verdict of the jury found that he was in possession and control of the liquor involved. There was strong evidence that the place was open for business, that is, the business of a saloon. The witnesses said there was a counter and behind the counter were some shelves, and on the shelves some whiskey was being displayed, and there were some coolers under the counter which had **beer in them.** There was a cash register nearby. One witness said, in describing the counter:

Well its a counter that goes I'd say three-quarters of the way across the room, had beer coolers in behind and stored up under it and had a cash register setting on top of it just like a regular bar in a saloon or something like that.

Q. Have you seen pictures of saloons?

A. Yes, sir.

Q. Was this the appearance of this place that you saw that you visited did it compare in any detail with the fixtures generally found in a saloon?

A. Yes, I would say so.

■ In considering the evidence presented, the jury no doubt also took into consideration the fact of silence on the part of the defendant when he was being arrested and being accused of the crime charged. And, of course, his silence under the facts here is a circumstance to be considered against him under all of the authorities. *Watson v. State,* 184 Tenn. 177, 197 S.W. d 802 (1946), and other cases.

■ The failure, however, of one to testify in his own behalf in court is not to be considered by the jury in determining his guilt or innocence and may not even be commented upon by counsel as we have held in many cases. T.C.A. sec. 40-2403; *Gamble v. State,* 215 Tenn. 26, 383 S.W.2d 48 (1964)

We have considered the cases cited in the able brief of plaintiff in error but we do not think they are in point in the instant case.

■ We are fully satisfied that the defendant is guilty as charged and that he has had a full and fair trial under the established principles of the law of this State.

Affirmed.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.