## CLARENCE E. HUCKABY, JR., Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

### 457 S.W.2d 872.

Court of Criminal Appeals of Tennessee. Feb. 19, 1970.

Certiorari Denied by Supreme Court Aug. 3, 1970.

M. F. McDavid, Harriman, for plaintiff in error.

George F. McCanless, Atty. Gen., Lance D. Evans, Asst. Atty. Gen., Nashville, James P. Watkins, Dist. Atty. Gen., Loudon, for defendant in error.

## OPINION

GALBREATH, Judge.

Plaintiff in error, as the defendant below, was convicted with his co-defendant of burglary mainly on the circumstantial evidence of his having in his possession a few days after a break-in at the Fairmont Elementary School in Roane County, Tennessee, a check the jury was justified in believing was among a large quantity of such checks stolen in the burglary. His separate conviction for passing forged instruments in connection with the checks taken from the school has been recently upheld by this Court.

Although numerous assignments of error are relied on by the defendant, we find it necessary to consider only one since reversal results.

■ The defendant did not take the witness stand to explain the incriminating circumstance of his possession of the check. During his argument to the jury the attorney for the State called upon members of that body to consider what they would have done if in possession of the check under the circumstances which the defendant contended by his plea and argument of counsel was innocent:

"They were the ones found in possession of them. [the checks] Why, of course the same thing couldn't happen to you on this evidence. Mr. McDavid knows better than that. If you had been * * * if you had

taken this check down there to Mr. Curtis Taylor [the person who cashed the forged check for defendant] and endorsed it on the back, and Mr. Taylor didn't get his money on it he would have come down there to you and you would have been looking for the fellow you got it from, wouldn't you? Why, of course you would have. *You could have come in here and said 'Why I got that check from Jim Jones or John Smith.'* "

The clear import of the above argument is that since the defendant did not testify he obtained the check from a third party the jury was justified in drawing an unfavorable conclusion from his failing to do what they would have done if innocent. Of course, it might be difficult for a jury not to draw such an inference or presumption in spite of the law in this State discouraging same, but this difficulty is greatly increased when the failure to testify is emphasized in argument.

T.C.A. § 40-2403 provides inter alia, "The failure of the party defendant * * * to testify in his own behalf shall not create any presumption against him." Our Supreme Court has, if anything, broadened the application of this statute:

"The failure, however, of one to testify in his own behalf in court is not to be considered by the jury in determining his guilt or innocence and may not even be commented upon by counsel as we have held in many cases. T.C.A. § 40-2403; Gamble v. State, 215 Tenn. 26, 383 S.W.2d 48 (1964)." Turner v. State, 216 Tenn. 714, 394 S.W.2d 635.

By its statute and decisions Tennessee pronounced

the protection involved prior to it being impressed into a constitutional immunity under such recent decisions as Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106; O'Connor v. Ohio, 87 S.Ct. 252, 385 U.S. 92, 17 L.Ed.2d 189; and Fontaine v. California, 390 U.S. 593, 88 S.Ct. 1229, 20 L.Ed.2d 154.

*Griffin* held that the Self Incrimination Clause of the Fifth Amendment as made applicable to the States by the Fourteenth in Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653, "forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt." *O'Connor* concerned only comment on the accused's failure to testify and did not involve the California "comment rule" which permitted judges in that state prior to *Griffin* to comment on the types of inferences the jury might draw from failure of an accused to explain those matters clearly within his knowledge while at the same time instructing the jury that the failure of a defendant to deny or explain evidence against him does not create a presumption of guilt. Evidently, Ohio, like Tennessee, has no such statute and thus it is clear that *Griffin* applies equally to cases in which only the failure of the accused to testify is made a subject of comment. *Fontaine* holds that such a comment cannot be harmless unless the State meets the burden of establishing beyond a reasonable doubt that the error did not contribute to the defendant's conviction as delineated in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705.

The record is not clear as to the point in the trial that objection was made to the improper argument and the State here claims it was not timely made. The

verbatim transcript of the argument before us fails to indicate that argument was interrupted by an objection at the time the jury was asked to consider how an honest man would come in and explain how he obtained the check from someone else but at the conclusion of the District Attorney General's argument and before the charge there appears in the record the following notation apparently written and signed by the trial judge:

"General commented:

'You could have come in here and say you got the check from John Jones.'

Comment on their not taking the stand.

*Received during argument*—Objection overruled. (Emphasis added)

S/L.G. McCluen, Judge."

What in all probability happened was that counsel for the defendant made the objection by informal written memorandum passed quietly to the judge so as not to call undue attention to the objectionable argument in the event the court overruled the objection. Or the objection could have been made by counsel approaching the bench and speaking so softly that the court reporter did not hear him. In any event, the trial judge was aware of the objection which was "received during argument" and overruled the objection in writing.

The objection was asserted again in the motion for a new trial at which time the court was said to have committed error in failing to declare a mistrial. The purpose of an objection is to call the court's attention to an alleged irregularity in time for the court to correct

any error. If error was involved, certainly the court was put on notice in ample time for correction. See Rules of the Supreme Court No. 14(4) (5).

It might be said that the court's standard charge on the presumption of innocence and the defendant's right to testify or not as he might choose cured any harmful effect the argument might have had on the jury. To this theory we cannot subscribe. Perhaps if the judge had gone further and instructed the jury to disregard the comments of the District Attorney General, and particularly if he had so admonished the jury at the time of the argument when the comment was called to his attention we could find that the error was rendered harmless or cured. But the trial judge did neither. Instead, he approved the argument and overruled the objection, thereby indicating with the weight of his judgment that such argument was proper.

For the reasons set out above the judgment is reversed and the case remanded for a new trial.

WALKER, J., concurs.

OLIVER, Judge (concurring).

I concur in the result Judge Galbreath has reached in his opinion. However, some additional observations are considered appropriate.

T.C.A. § 40-2403 provides that the failure of a defendant on trial to testify in his own behalf shall not create any presumption against him.

The objectionable portion of the Assistant District Attorney General's argument to the jury is shown in proper context in the quotation therefrom copied at the

bottom of page one of Judge Galbreath's opinion. There is no room for doubt that this argument referred to the failure of the defendant to testify in his own behalf. Nor can there be any question that the defendant seasonably objected to this argument on that basis, that the objection was "received during argument," and that the court overruled it, all as shown in the quotation from the record on page four of the foregoing opinion.

Thus, the defendant compiled with the rule of law long ago established and settled in this State that objectionable argument or improper remarks of counsel must be objected to at the time. Staggs v. State, 210 Tenn. 175, 357 S.W.2d 52; Rivera v. State, Tenn.Crim.App., 443 S.W.2d 675.

The impropriety of the Assistant District Attorney General's argument and the trial court's action in overruling the defendant's objection thereto were raised in his motion for a new trial, and are before this Court by appropriate Assignment of Error.

It is fundamental that adverse comment or argument based upon a defendant's failure to testify constitutes reversible error, where the trial judge's attention is called to it promptly and he fails to interfere and fully instruct the jury, and such action is properly excepted to. Turner v. State, 216 Tenn. 714, 394 S.W.2d 635; Smithson v. State, 127 Tenn. 357, 155 S.W. 133; Staples v. State, 89 Tenn. 231, 14 S.W. 603; King v. State, 91 Tenn. 617, 20 S.W. 169.

Clearly, this error deprived the defendant of a fair and impartial trial, and requires reversal and remand for a new trial.

This case was heard and submitted to the Court prior to enactment of Chapter 330 of the Public Acts of 1969 increasing the membership of the Court.