**Bobby K. WHITED and Cecil Ray Lame, Plaintiffs in Error,**

**v.**

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Feb. 15, 1972.

Certiorari Denied as to Lame by Supreme Court July 17, 1972.

Thomas D. Steele, Nashville, for plaintiffs in error.

David M. Pack, Atty. Gen., Charles W. Cherry, Asst. Atty. Gen., Nashville, O'Brien Price, Dist. Atty. Gen., Springfield, for defendant in error.

DWYER, Judge.

## OPINION

At a joint trial a jury found two defendants guilty of possessing legend drugs without a prescription as defined and prohibited by T.C.A. 52–1201 et seq. The punishment by the jury with judgment thereon assessed upon Cecil Lame was a fine of $1,500 and confinement for eleven months and twenty-nine days. The defendant George Whited was fined $500 and confined for thirty days in jail.

The appeal has been seasonably perfected with assignments of error contending the verdicts and judgments are contrary to law.

The record reflects that the sheriff of Sumner County obtained a search warrant and searched the filling station, restaurant and living quarters owned by the defendant Lame and a truck on the premises, on October 7, 1970.

At the time of the search Whited, an employee of Lame's, was present and related to the sheriff when the warrant was read that he knew what the sheriff was looking for. The sheriff was then led into the back of the restaurant and in a room across from Lame's quarters under a mattress on the bed he recovered two match boxes and two vials which were later determined to contain amphetamines. The sheriff kicked in the locked door of Lame's quarters, found nothing, then went out the back door of the room and searched a two-ton International truck parked within ten to twenty feet of the door. The sheriff related that with a flashlight he looked in the cab and saw bottles in a cardboard box containing pills. He unlocked the door and confiscated in the neighborhood of twelve thousand pills of which some were found to contain amphetamines, a legend drug, and some contained caffeine which is not.

When Lame arrived shortly thereafter he denied knowledge of the drugs. He further related that he had the truck in his possession but that title was in some other person. At the trial he related he had given his ex-brother-in-law six hundred dollars for the truck and the brother-in-law was to clear title. We are satisfied from our review that Lame had possession of the truck and had a possessory right to question any search made thereof, as well as the possessory responsibility for any prohibited items found therein.

The defendants assign as error that the evidence does not support the verdict. The requisite rule of law placing the burden on the defendant in this court to show that the evidence preponderates against his guilt and in favor of his innocence may be found in Rambo v. State, Tenn.Cr.App., 472 S.W.2d 911, 913. We sustain this assignment as to the defendant Whited. From our review of this record, Whited's assertion that he saw someone put the drugs under the mattress is the only proof tending to put him in possession of the drugs. Without further proof of this defendant's complicity as to the possession and control of the drugs, we cannot agree with holding that this employee had the requisite possession of the drugs located on his employer's premises.

The evidence as we view this record does sustain the verdict as to the defendant Lame. He was the owner of the truck stop. The drugs were found on his premises and in the truck that he admits to buying. He further acknowledged that he had used the truck that Sunday prior to the search but denied all knowledge of the drugs on the premises and in the truck. The jury has concluded from the evidence that the drugs were on the premises of Lame and therefore in his possession. We reason, as in liquor law cases, that a presumption arises when the beverages are found on the premises that they are owned and possessed by the owner of the premises. See Lampley v. State, 196 Tenn. 534, 268 S.W.2d 572; Shelton v. State, 190 Tenn. 518, 230 S.W.2d 986; Hatchett v. State, 208 Tenn. 399, 346 S.W.2d 258;

Davidson v. State, 223 Tenn. 193, 443 S.W. 2d 457, 463. The defendant Lame's denial of the knowledge and possession of the drugs has been rejected by the jury. The assignments pertaining to the sufficiency of the evidence pertaining to Lame are overruled.

■ Defendant next assigns that he was indicted under T.C.A. 52–1204, whereas he should have been indicted and convicted under T.C.A. 52–1206, if at all. Inasmuch as T.C.A. 52–1204 includes the words, "It shall be unlawful for any person . . . to possess . . . any drug known as barbital and legend drugs . . . ", this is considered to be a meritless assignment, even though T.C.A. 52–1206 is entitled "Possession Without Prescription Unlawful", and does include the same prohibiting phrases regarding possession. As we read these two sections of the statute, they both prohibit the possession of barbital and legend drugs without a prescription. Furthermore, in reading the full text of the indictment, it is clear that defendants were being charged with possession without a prescription, and nothing more. The indictment thus gave defendants proper notice of what offense they were being charged with having committed.

■ As to the trial judge's charge to the jury regarding T.C.A. 52–1206, as well as regarding T.C.A. 52–1204, it is true that he did so charge, as shown in the record, whereas the indictment specified the violation of T.C.A. 52–1204 only. In line with the reasoning above, we also hold that this unnecessary action of the trial court did not deprive defendant of a fair trial. The only issue for the jury in these proceedings was whether defendants possessed the prohibited drugs without a prescription, and that issue was not clouded by the unfounded charge. These assignments pertaining to the indictment and to the jury charge are overruled.

■ Defendant next contends the court erred in denying his motion to suppress the evidence. He predicates this upon an assault on the search warrant, asserting that the affidavit is insufficient. We disagree. The affidavit contains factual assertions relating that the informant saw the sale of drugs on the premises two days before the warrant issued. See Welchance v. State, 173 Tenn. 26, 114 S.W.2d 781. As we view it these particular factual assertions alone support the issuance of the warrant. There is also ample indication in the record that this was a reliable informant, known to the sheriff and identified to the judge who issued the warrant, whose information had been proven reliable in previous successful prosecutions.

■ We further feel, contrary to defendant's assignment of error, that the warrant's description of the premises to be searched was sufficient. The description of the premises was a legal description of the realty allegedly occupied by Cecil Lame, and included information that said property had a building thereon consisting of a combination service station, garage, restaurant, storage rooms and living quarters located in the Seventh Civil District in Sumner County. This, as we view it, directed the sheriff with reasonable certainty to the place that was to be searched. See Garrett v. State, 194 Tenn. 124, 250 S.W.2d 43. Defendant reasons that the affidavit supporting the warrant is insufficient, relying upon Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, which is readily distinguishable from the instant record in that in *Aguilar* the affidavit was not based as here on information from an eyewitness, who saw an offense being committed. See Dishman v. State, Tenn.Cr. App., 460 S.W.2d 855, 857. The rule for construing the affidavit for the search warrant is common sense and is not to be confined by niggardly limitations. See United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684. Therefore, the affidavit is sufficient as aforerelated to support a finding of probable cause as we view it.

■ Likewise untenable is defendant's contention that the truck could not be searched because it was not described in the warrant. The truck was in possession of the defendant, it had been purchased by the defendant according to his testimony, and it was parked on the premises within a few yards of his bedroom door. In State v. Sircy, 215 Tenn. 1, 383 S.W.2d 37, citing approvingly Worden v. State, 197 Tenn. 340, 273 S.W.2d 139, the following language may be found:

"In other words the holding of the Court in these, and similar cases, presupposes that the building mentioned in the warrant to be searched would include outhouses, *vehicles upon the premises,* and other places, which are appurtenant to the described building and are *under the control of persons named in the warrant.*" (Emphasis added.)

The assignments pertaining to the search and the warrant are overruled.

■ Defendant's next assignment complains that the court erred in allowing a verdict in excess of $500. He reasons this is the maximum as well as the minimum. A reading of T.C.A. 52–1205 ventilates this unbriefed assignment of the defendant. It is overruled.

■ He lastly contends that the court erred in accepting the verdict as returned by the jury. He reasons that the statute limits the jury in the event the punishment is less than a year to a recommendation that the court set the punishment at eleven months and twenty-nine days. There is no merit to this unbriefed assignment. There was nothing incorrect about the verdict as returned by the jury. His contention has been put to rest by a similar contention in Hopper v. State, 205 Tenn. 246, 254, 255, 256, 326 S.W.2d 448. The assignment is overruled.

The judgment of the trial court as to George Whited is reversed.

The judgment of the trial court as to Cecil R. Lame is affirmed.

WALKER, P. J., and MITCHELL, J., concur.