STAPLES *v.* STATE.

(*Knoxville.* October 2, 1890.)

CRIMINAL PRACTICE. *Adverse comment upon defendant's failure to testify error, when.*

Adverse comment upon defendant's failure to testify in a criminal case, made by the State's attorney in his argument before the jury, constitutes reversible error, where the Court fails, upon proper exception being taken thereto, to require counsel to desist from that course of argument, and to instruct the jury to disregard what had already been said.

Constitution construed: Art. I., §9.

Acts construed: Act 1887, Ch. 79.

Cases cited and approved: 15 Mo. Appeals, 593; 84 Ind., 563; 123 Mass., 239; 31 Kan., 355.

---

FROM MORGAN.

---

Appeal in error from Circuit Court of Morgan County. S. A. ROGERS, J.

SAM EPPS YOUNG, ROBERT WALTON, HENDERSON & JOUROLMON, and D. K. YOUNG for Staples.

Attorney-general PICKLE and SCOTT & WELCKER for State.

LURTON, J. The appellant in error has been convicted of manslaughter. He did not testify as a witness in his own behalf. The attorney representing the State, in his argument to the jury, commented upon certain threats testified to as having been made by the deceased in the presence . and hearing of the defendant, by saying that "Mr. Henderson argued that Staples heard the threat that he (Hall) 'would cut his throat before sundown.' Now, he never heard it. If he did, little Sam did not tell you so, and Staples himself did not tell you so." "Now Mr. Staples, the defendant, could tell you, if he could speak, that the blow he got did not hurt him." "He [Staples] does not tell you that he did that stabbing in self-defense." It is not distinctly stated in the bill of exceptions that this language was at the time excepted to, but the Circuit Judge, in the bill of exceptions, annexes an explanation in these words: "The language of counsel for the State seemed to the Court subject to different constructions, and, not understanding with certainty that he should be understood as referring to the fact that defendant had not testified, no interruption was had." From this we infer that defendant's counsel did object, and that his objection was overruled for the reason stated above. This was error. The Act of 1887, Ch. 79, permits the defendant in a criminal trial, "at his own request, but not otherwise," to testify as a witness therein. The Act further provides "that the failure of the parties defendant to make

such request and to testify in his own behalf shall not create any presumption against him." This provision is in accord with the bill of rights, wherein it is provided that in all criminal prosecutions the defendant "shall not be compelled to give evidence against himself." No inference of guilt can be drawn from the failure of a defendant to testify for himself. Were it otherwise, a defendant on trial might be put in the awful situation of being required to commit perjury to avoid the consequences of his failure to avail himself of the privilege extended him by the statute. The statute might thus become an ingenious machine to compel a conscientious defendant to testify against himself. The Circuit Judge should have promptly interfered and checked any line of argument based upon the failure of Staples to testify. The language used by the State's attorney was, in fact, susceptible of no other construction than that guilt was to be inferred from the failure of the appellant to testify. Similar statutes are in force in many of the States. The question here presented has arisen many times, and the decisions of the Courts have been practically unanimous in holding that no argument to the jury based upon the failure of a defendant to testify is permissible. *State* v. *Brownfield*, 15 Mo. Appeals, 593; *Showalter* v. *State*, 84 Ind., 563; 123 Mass., 239; *State* v. *Mosely*, 31 Kan., 355.

An argument based upon the failure of the defendant to testify cannot but be most prejudicial

to the defendant, and where the attention of the trial Judge is called to such argument, and he fails to interfere and fully instruct the jury, it is reversible error.

For this error the judgment will be reversed and the case remanded for a new trial.