STATE of Tennessee, Plaintiff-Appellee,

v.

Jimmy HALE, Defendant-Appellant.

Supreme Court of Tennessee,
at Knoxville.

June 18, 1984.

John F. Southworth, Jr., Asst. Atty. Gen., Nashville, for plaintiff-appellee; William M. Leech, Jr., Atty. Gen., of counsel.

Sharon Selby, James Y. Reed, Knoxville, for defendant-appellant.

## OPINION.

BROCK, Justice.

The defendant, Jimmy Hale, was convicted of murder in the second degree and sentenced to imprisonment for 25 years. His conviction and sentence were affirmed by the Court of Criminal Appeals in a two-to-one decision, Judge Cornelius dissenting.

We granted the defendant's application to appeal to consider the defendant's contention that his conviction should be reversed and a new trial awarded because of the comment by the Assistant District Attorney upon the defendant's exercise of his privilege under the Fifth Amendment to the Constitution of the United States and under Article I, Section 9, of the Constitution of the State of Tennessee and T.C.A., § 40–17–103, not to be a witness against himself.

In addressing the jury in argument at the conclusion of the trial, the prosecutor, General Mooney, stated the following:

"Ladies and Gentlemen, I have stood here yesterday afternoon, and I said to you that this case would concern a very small capsule of time—a very small capsule of time. That this room at that time was becoming full of dust, and hopefully that the dust would settle by the end of the trial, and you could make a reasonable decision, or at least be able to see through the dust and smoke and the sand that had been thrown in your eyes. And I think now that you can see what I was talking about. I have to give credit to two young attorneys who claim to be young in the practice of trial law. They have successfully put on every tactic that I have seen put on, even by attorneys with as much as 50 and 60 years experience of practice in the courtroom on how to get your attention off the crime itself—how to get you to look at other things, besides was this man killed in first degree, by murder in the first degree by this man.

"What have you heard about the facts of the case? You have heard sworn testimony and other kinds of testimony to the extent that there were in fact only five possible witnesses as to what actually happened at that car. Herman Hale is dead. Jimmy Hale is sitting on his right not to testify, and that is a right that you should not consider in ....

"Mr. Seaton: Objection, Your Honor, and move for a mistrial.

"The Court: Objection overruled. I'll ask the jury ....

"General Mooney: In that context, I believe it is not objectionable, your Honor.

"The Court: I overruled it, General.

"General Mooney: And the witnesses—one witness said I did not see the whole thing—Shelia—Shelia says however I saw Jimmy Hale running about—starting about 55 feet away from that vehicle, towards the vehicle, pulling something out of some brush, describing it as looking like that object or it could have been something like that object. Then the one witness—Freddie Hale, or Freddie Edwards, who said I saw it happen. I saw Jimmy Hale come up and strike the car and I heard him cussing the old man—the old man stepped out of the car—as his head came up to where it could be struck, he took a full swing with that pipe and hit him in the head."

We have quoted the comments of the prosecutor both prior and subsequent to the objectionable comment upon the defendant's failure to testify in order that the objectionable portion could be seen in context.

In pertinent part the Fifth Amendment to the Constitution of the United States provides:

"No person shall ... be compelled in any criminal case to be a witness against himself...."

This prohibition has been made applicable to the states. *Griffin v. State of California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). In the *Griffin* case the court held that this constitutional right was violated by a prosecutor's comment upon the failure of the defendant to testify in his own defense. Moreover, in *Chapman v. State of California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) it was held that although such an error would not automatically be held to be prejudicial, requiring a reversal, before such an error could be held to be harmless the court must be able to declare a belief that it was harmless beyond a reasonable doubt. *See, also, Carter v. Kentucky*, 450 U.S. 288, 101 S.Ct.

1112, 67 L.Ed.2d 241 (1981), in which the court held that a state trial judge had a constitutional obligation, upon proper request therefor, to give a cautionary instruction in order to minimize the danger that the jury will give evidentiary weight to a defendant's failure to testify even though no adverse comment has been made.

This same right of the defendant in a criminal case is guaranteed by Article I, Section 9, of the Tennessee Constitution which, in pertinent part, provides:

"That in all criminal prosecutions, the accused ... shall not be compelled to give evidence against himself."

The right is further fortified by T.C.A., § 40–17–103 (formerly § 40–2403) which provides:

"The failure of the party defendant to make such request and to testify in his own behalf, shall not create any presumption against him."

Long ago this Court held that any adverse comment upon the failure of a defendant to testify in his own behalf, made by the state's attorney in his argument before the jury, constitutes reversible error, upon objection made, and the trial judge does not promptly require counsel to desist and does not properly instruct the jury accordingly. *Staples v. State*, 89 Tenn. 231, 14 S.W. 603 (1890).

Clearly error was committed by the prosecutor's comment upon the failure of the defendant to testify in his own behalf and by the refusal of the court to sustain defendant's objection to that comment. The defendant contends that the error was prejudicial and requires reversal while the State insists that the error was harmless. In support of their respective insistences respecting the effect of this error the State relies upon *Anderson v. Nelson*, 390 U.S. 523, 88 S.Ct. 1133, 20 L.Ed.2d 81 (1968) and *Lyons v. State*, Tenn.Crim.App., 596 S.W.2d 104 (1980), while the defendant relies upon *Anderson v. Nelson, supra*, and upon *Judge v. State*, Tenn.Crim.App., 539 S.W.2d 340 (1976) and *Morris v. State*, Tenn.Crim.App., 537 S.W.2d 721 (1976).

In an effort to assess the impact of the error in this case, we have considered the evidence introduced at trial and the criteria set out in the authorities just cited with the result that we are unable to conclude that the error demonstrated here was harmless beyond a reasonable doubt.

Moreover, as we did in *State v. Onidas,* Tenn., 635 S.W.2d 516 (1982), we conclude that this error resulted in prejudice to the judicial process, thereby requiring a reversal of the judgment in accordance with Rule 36(b) T.R.A.P. which provides:

> *"Effect of Error.* A final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment *or would result in prejudice to the judicial process."* (Emphasis added.)

In this connection we approve the following quotation from the dissenting opinion of Judge Cornelius in this case, to wit:

> "The subject of a defendant's right not to testify should be considered 'off limits' to any conscientious prosecutor. (Citations omitted.) The trial court was in error by sanctioning this improper argument. At the very least, the trial court was under a duty to respond to defense counsel's objection with an immediate and explicit curative instruction. Twice the trial court overruled the defendant's objection and left the possible impression there was no merit to the complaint. The subsequent instructions embedded in the general jury instruction were not adequate to satisfy the second of the five factors set forth in *Judge v. State,* 539 S.W.2d 340, 344 (Tenn.Crim.App.1976)."

The judgments of the Court of Criminal Appeals and of the trial court are reversed for the reasons herein stated and this cause is remanded to the trial court for a new trial. Costs incurred upon appeal are assessed against the State.

COOPER, C.J., and FONES, HARBISON and DROWOTA, JJ., concur.