IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

AUGUST 1998 SESSION

FILED

October 7, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 01C01-9709-CR-00402 |
| Appellee, | ) | |
| | ) | Davidson County |
| v. | ) | |
| | ) | Honorable Seth Norman, Judge |
| CALVIN DEWAYNE BRANCH, | ) | |
| | ) | (Driving Without a License; Knowing |
| Appellant. | ) | Possession of Handgun by Convicted Felon) |

FOR THE APPELLANT:

Roger K. Smith
104 Woodmont Boulevard
Suite 115
Nashville, TN 37205

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
425 Fifth Avenue, North
Nashville, TN 37243-0493

Karen M. Yacuzzo
Assistant Attorney General
425 Fifth Avenue, North
Nashville, TN 37234-0493

Victor S. Johnson, III
District Attorney General
222 Second Avenue, North, Suite 500
Nashville, TN 37201-1649

James W. Milam
Assistant District Attorney General
222 Second Avenue, North, Suite 500
Nashville, TN 37201-1649

OPINION FILED: _____

AFFIRMED

L. T. LAFFERTY, SPECIAL JUDGE

# OPINION

The defendant, Calvin Dewayne Branch, appeals as of right from his convictions for driving without a driver's license and the knowing possession of a handgun by a convicted felon by a jury in the Davidson County Criminal Court. After a sentencing hearing, the trial court sentenced the defendant to time served for driving without a driver's license and to six years as a career offender for the knowing possession of a handgun by a convicted felon. The defendant raises four issues in this appeal:  (1) whether the trial court erred in charging the jury the Range 1 penalty provided for a Class E felony, one year to two years, then subsequently, after the jury had retired, recalling them and recharging them with the entire penalty range of a Class E felony, one year to six years; (2) whether the defendant was prejudiced by the conduct of the State and a witness for the State alluding to the defendant's prior convictions during direct examination; (3) whether the defendant was prejudiced by the State, during closing argument, alluding to the defendant's not testifying; and (4) whether the fine levied by the jury was excessive due to the defendant's impoverished circumstances.

The judgment of the trial court is affirmed.

On May 14, 1996, Officer Greg Adams, Davidson County Metro Police Department, was working an undercover operation to deter street-level prostitution activity. Officer Adams was in radio contact with other police officers in working this detail.  While driving westbound on a Nashville city street, Officer Adams observed a vehicle come flying up on his bumper, flashing its lights and honking its horn, in an attempt to get the officer to pull over. The officer was aware the vehicle was not operated by another undercover officer and radioed for backup. Officer Adams believed the rear of his vehicle was about to be hit by the vehicle behind him, so the officer jumped from his vehicle. The vehicle, a Toyota truck, driven by the defendant, stopped less than a foot behind the officer's vehicle.  Other officers arrived to assist Officer Adams.

Officer William Mackall was assisting Officer Adams in this undercover operation. Officer Mackall was advised by Officer Adams that a subject in a vehicle was riding his bumper and flashing his lights.  Upon seeing this incident, Officer Mackall turned his vehicle around and followed Officer Adams and the defendant. Officer Mackall made a decision to "take down" the vehicle's operator by activating his blue lights and siren.

2

While the defendant was stopping his truck, Officer Mackall observed the defendant lay down in the seat and out of the officer's view. Officer Mackall observed the passenger door of the truck open and saw a shiny object come out of the truck. Officer Mackall recovered a .38 revolver, fully loaded with six live rounds. The defendant, at first, identified himself as Kevin Blanchard. After giving conflicting information between his age and date of birth, the defendant finally admitted his true name was Calvin Branch. The defendant failed to produce a valid driver's license.

The defendant did not testify in his own behalf.

The defendant was indicted for reckless endangerment, driving without a license, criminal impersonation, and a convicted felon with a handgun. At the conclusion of the trial, the trial court dismissed the counts of reckless endangerment and criminal impersonation.

## APPELLATE ISSUES

### A.

The defendant contends the trial court committed error by allowing the jury to deliberate on its verdict before correcting a mistake in the original charge as to the range of punishment for a Class E felony. The State counters this argument, alleging the defendant waived this issue by failing to object and in any event the trial court properly corrected its error prior to the jury's deliberations.

The defendant did not raise a contemporaneous objection to the trial court's original charge of the range of punishment for a Class E felony. However, this does not mean the defendant has waived any complaint. If a jury instruction is erroneous, the defendant may sit on his objection and allege it as a ground in support of his motion for a new trial. *State v. Haynes,* 720 S.W.2d 76, 84-85 (Tenn. Crim. App.), per. app. denied (Tenn. 1986); *State v. James R. Hankins,* Shelby County No. 02C01-9603-CR-00098, 1997 LEXIS 497 (Tenn. Crim. App., Jackson, May 23, 1997). Citing *State v. Stephenson,* 878 S.W.2d 530, 555 (Tenn. 1994), the defendant argues "under Tennessee law, a criminal defendant has the right to have a correct and complete charge of the law given to the jury by the trial judge." *State v. Teel,* 793 S.W.2d 236, 249 (Tenn.

1990); *State v. Forbes,* 918 S.W.2d 431, 447 (Tenn. Crim. App. 1995). Also, the defendant insists the second charge, without explanation, was confusing, inconsistent, and contradictory.

**Analysis**. First, we note the erroneous jury charge was not applicable to the merits or the elements of the offenses of driving without a license and being a convicted felon with a handgun. Second, we note the defendant contends the jury had deliberated over the facts before the jury charge was corrected. However, the record establishes that the jury charge was completed at 2:10 p.m. and the jury left the courtroom. The State immediately raised their concern about the incorrect charge on the range of punishment for a Class E felony with the trial court. The jury returned to the courtroom at 2:11 p.m. and was advised by the trial court the correct range of punishment for a Class E felony was one to six years. Whereupon, the jury retired to consider their verdict at 2:12 p.m. Within this time frame, it would be difficult for any jury to begin deliberations on the merit of these offenses. The evidence at trial was overwhelming as to the defendant's guilt, and if the incorrect charge was error, it was harmless error at best. Tenn. R. App. P. 36 (b). There is no merit to this issue.

**B.**

The defendant contends he was prejudiced by the conduct of the State and a witness for the State alluding to the defendant's prior convictions during direct examination. The State argues the defendant waived any error by failing to make a contemporaneous objection, move to strike the testimony, or request a curative instruction.

The matter of controversy surrounds the direct examination of Officer Adams by the State and Officer Adams's response. The State attempted to solicit testimony from Officer Adams concerning the identity of the defendant and the defendant's conflicting statements.

> Q. After he stopped did you speak to him and ask him his name?
>
> A. Yes, I did.
>
> Q. What was his response?
>
> A. He gave Kevin Blanchard. And a date of birth, uh, I asked him had he ever been arrested before and he said he had. And we asked him for what and. . .

Q. Well, let me, let me ask you this. After he gave you the name, was that the last name he gave you, or was there any other name given?

A. There was another name given, also.

Prior to trial, the defendant filed a motion in limine requesting an out of jury hearing to determine the admissibility of the defendant's past arrests, wrongs, and convictions. Thus, the defendant argues the State, in soliciting the testimony of the defendant's arrest history, denied the defendant a fair trial.

However, the record does not establish that the State was deliberately attempting to solicit any information concerning the defendant's past convictions. If the State had wished to raise any past convictions of the defendant, then the State must comply with the requirements of the motion in limine and Rule 404(b), Tennessee Rules of Evidence. *State v. Dubose,* 953 S.W.2d 649, 652 (Tenn. 1997). Also, the defendant did not raise a contemporaneous objection nor request the trial court to give the jury a curative instruction.[1]

We find the witness's statement was improper, unresponsive, and unsolicited. Although Officer Adams's statement was brief regarding an arrest, he did not allude to the nature of any prior arrest or conviction. As stated, the proof was overwhelming, and we find the brief statement of Officer Adams did not prejudicially affect the jury as to the defendant's guilt. Tenn. R. App. P 36(b); *State v. Smith,* 893 S.W.2d 908, 923 (Tenn. 1994); *State v. Reiko Nolen,* Dyer County No. 02C01-9601-CC-00008, 1996 WL 432347 (Tenn. Crim. App., Jackson, August 2, 1996), per. app. denied (Tenn. 1997). There is no merit to this issue.

**C.**

The defendant contends he was prejudiced by the District Attorney General, during closing argument, alluding to the defendant's not testifying. The State counters that the State did nothing more than rebut the defendant's unsubstantiated assertions he mistakenly believed that Officer Adams was a friend of his.

In order to prevail on this issue, the defendant must not only show the argument was improper, but

---

[1] It may have been the better practice for the trial court to *sua sponte* give such instruction in the absence of a request.

also must establish the alleged error prejudiced the defendant at trial. The test for establishing prejudicial error is whether the jury could consider the defendant's case with impartiality despite the alleged improper remark by the State. *State v. Buck,* 670 S.W.2d 600, 609 (Tenn. 1984); *Coker v. State,* 911 S.W.2d 357, 369 (Tenn. Crim. App. 1995); *Judge v. State,* 539 S.W.2d 340, 344 (Tenn. Crim. App. 1976). However, allegations of improper argument on the State's part may be in response to those arguments raised by the defendant. *State v. Ashburn,* 914 S.W.2d 108, 115 (Tenn. Crim. App.), per. app. denied (Tenn. 1995).

To put this issue in proper prospective, we will address both the arguments of the State and the defendant. In his closing argument, the defendant stated to the jury:

> As we said in the opening, this is not the case of the century that you heard here today and yesterday. What it boiled down to was Mr. Branch pulled up behind what he thought was a friend of his, and flashed his lights and honked his horn, and the police descended upon him. And they took it from there.

In response, the State commented to the jury:

> What was the defendant doing? He was trying to pull over someone who he had never met, didn't know. For what reason, we don't know. Because there's no proof before you that he thought he was trying to, that he thought this was a friend. What I say or what Mr. Smith says is not evidence. And we don't know what he had in mind when he was trying to pull Officer Adams over.

In the absence of an objection to the State's response by the defendant, the trial court did not give a curative instruction to the jury. Ordinarily, this issue would be waived in the absence of a proper objection, but due to the allegation of an improper comment by the State as to the defendant not testifying, we will address the merits.

The State is absolutely prohibited from commenting upon a decision made by the defendant not to testify at trial. *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). Also, Tennessee precludes such commentary, both by its constitution and by legislative enactment. Tenn. Const. art. I, § 9; *Staples v. State,* 89 Tenn. 231, 14 S.W. 603 (Tenn. 1890); Tenn. Code Ann. § 40-17-103.

6

In assessing any error on this issue, we must be guided by the factors set forth in *State v. Buck,* 670 S.W.2d 600, 609 (Tenn. 1984):

> (1) The conduct complained of, viewed in light of the facts and circumstances of the case;
>
> (2) The curative measures undertaken by the Court and the prosecutor;
>
> (3) The intent of the prosecutor in making the improper statement;
>
> (4) The cumulative effect of the improper conduct and any other errors in the record; and
>
> (5) The relative strength or weakness of the case.

Since there was no objection by the defendant to the State's comment and no curative measure by the trial court, we will analyze the other four factors.

**(1) The conduct complained of, viewed in light of the facts and circumstances of the case, and**

**(3) the intent of the prosecutor in making the improper statement.**

The defendant, in both his opening statement and closing argument, suggested to the jury the reasons why he stopped Officer Adams. However, the defendant failed to provide any evidence to support these statements. The defendant did not testify, nor through cross-examination did the defendant raise a reasonable inference as to his actions. There is no evidence in the record that the prosecutor acted in bad faith when making the remarks complained of by the defendant. The prosecutor pointed out to the jury there was no proof to support the defendant's closing argument as to why the defendant followed the police officer. There is no indication that this remark was made with any malicious intent. Therefore, these two factors weigh favorably for the State.

**(4) The cumulative effect of the improper conduct and any other errors in the record, and**

**(5) the relative strength or weakness of the case.**

In reviewing the record as a whole, we cannot find that the cumulative effect of all assigned errors warrants the relief sought by the defendant. As previously noted, the evidence in this trial is quite strong. In

conclusion, we find that the closing remark made on behalf of the State did not rise to the level of constitutional error. There is no merit to this issue.

## D.

In his final assignment of error, the defendant contends the jury's assessment of a $3,000 fine was excessive due to the defendant's impoverished circumstances. The State argues that the defendant's indigence is not the controlling factor for the trial court to set aside the jury's judgment, but all the factors set forth in the 1989 Sentencing Act.

Appellate review of sentencing is *de novo* on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). In conducting a *de novo* review, we must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statements made by the defendant in his own behalf, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; *State v. Ashby,* 823 S.W.2d 166, 169 (Tenn. 1991); *State v. Moss,* 727 S.W.2d 229, 236-37 (Tenn. 1986).

In this case, we are unable to review adequately the trial court's sentencing considerations. The defendant failed to include a transcript of the sentencing hearing. It is the duty of the defendant to prepare a record which conveys a fair, accurate, and complete account of what transpired at the sentencing hearing with respect to the issues which form a basis of the appeal. Tenn. R. App. P. 24(b). *State v. Miller,* 737 S.W.2d 556, 558 (Tenn. Crim. App.), per. app. denied (Tenn. 1987). In the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence. *State v. Oody,* 823 S.W.2d 554, 559 (Tenn. Crim. App.), per. app. denied (Tenn. 1991). Under these circumstances, we presume the trial court's sentencing decision was proper.

In consideration of the record as a whole, the judgments of the trial court are affirmed.

_____

L. T. LAFFERTY, SPECIAL JUDGE

CONCUR:

_____

JOHN H. PEAY, JUDGE

_____

THOMAS T. WOODALL, JUDGE